# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

## DISCOVERY STANDING ORDER FOR
## MAGISTRATE JUDGE THOMAS S. HIXSON

This Standing Order informs all parties of the discovery procedures for cases assigned to Magistrate Judge Thomas S. Hixson or referred for purposes of discovery. It addresses all case-related discovery, including that which involves non-parties, and therefore applies whether or not an individual or entity is named in the complaint. Failure to abide by this Standing Order may result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Civil Local Rule 37-4.

All questions should be directed to Judge Hixson's Courtroom Deputy, Rose Maher, at tshcrd@cand.uscourts.gov or (415) 522-4708.

Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Hixson, no motions to compel or other motions shall be considered. Instead, the parties must first meet and confer in a good faith effort to resolve their dispute informally. An exchange of written communications does not satisfy the meet and confer requirement.

## MEET AND CONFER REQUIREMENTS

If the parties are unable to resolve their dispute informally after a good faith effort, including meet and confer efforts conducted by lead counsel, the parties have two options:

1) If the dispute is straightforward or the parties believe some initial informal guidance from the Court may help them resolve their dispute without the need for briefing, the parties may contact Judge Hixson's Courtroom Deputy, Rose Maher, to arrange a telephonic conference.

2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) that contains the following:

   a) A cover page (excluded from the five-page limit) with the case caption, an attestation that the parties met and conferred in good faith to resolve their dispute(s) prior to filing the letter, and the signature of both parties or counsel;
   b) Each party's position, including pertinent factual background, requested relief, and citations to relevant legal authority; and
   c) Each party's final proposed compromise

   The joint letter shall not be accompanied by exhibits or affidavits other than relevant excerpts of discovery requests and responses, privilege logs, deposition testimony, and meet and confer correspondence.

   The joint statement shall be e-filed (unless the case is exempt from e-filing requirements)

*Revised September 15, 2021*

under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of the parties' submission(s), the Court will advise the parties of how it intends to proceed. The Court may issue a ruling or schedule a hearing, and at such hearing may issue rulings, order more formal briefing, or set further hearing dates.

### CHAMBERS COPIES

The parties do not need to submit chambers copies, except when requested by a separate order from the Court.

### PROTECTIVE ORDERS

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder). If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order.

### SANCTIONS

No motion for sanctions may be filed until after the moving party has complied with the requirements above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4.

**IT IS SO ORDERED.**

_____
THOMAS S. HIXSON
United States Magistrate Judge

*Revised September 15, 2021*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

# SETTLEMENT CONFERENCE STANDING ORDER FOR MAGISTRATE JUDGE THOMAS S. HIXSON

1. Counsel shall ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the Settlement Conference. Counsel shall cooperate in providing discovery informally and expeditiously.

2. Lead trial counsel must attend the settlement conference with the parties and with the persons having full authority to negotiate and settle the case.

   a. <u>Persons Attending Conference</u>
      Each party shall provide a list of names, titles, and positions of persons who will attend the conference. This section must identify by name, title or status, the following persons: (i) the person(s) with decision-making authority who, in addition to counsel, will attend the settlement conference as a representative of the party, and (ii) the person(s) connected with a party opponent (including an insurer representative) whose presence might substantially improve the prospects for settlement.

   b. <u>Corporations or Other Non-Government Entity</u>
      A party other than a natural person (such as a corporation or association) satisfies the attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If the authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated, a party must comply with the requirements of Northern District of California ADR Local Rule 7-3(a) and must designate a person with authority to participate in the settlement conference and, if a tentative settlement agreement is reached, to recommend the agreement to the approving body for its approval.

   c. <u>Government Entity</u>
      A party that is a government entity satisfies the attendance requirement if represented by a person (in addition to counsel of record) who (1) has, to the greatest extent feasible, authority to settle, (2) is knowledgeable about the facts of the case, the government entity's position, and the positions and policies under which the government entity decides whether to accept proposed settlements, and (3) has the authority, if a tentative settlement agreement is reached, to recommend the agreement to the government entity for its approval. *See* N.D. Cal. ADR Local R. 7-3(b). If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend. *See id.*

*Revised September 5, 2018*

d.  **Insured Party**
    An insured party must appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.

e.  **Personal Attendance by Counsel and Parties**
    Personal attendance by counsel will not be excused. Personal attendance of a party representative rarely will be excused and then only on a written request made at least two weeks before the conference demonstrating that attendance would constitute an extraordinary or unjustified hardship. A copy of the written request must be served on all other parties. Any objection to the request must be submitted within 48 hours of receipt. If telephone attendance is allowed, the party must be available throughout the entire conference.

3. Each party shall prepare a Settlement Conference Statement, which must be LODGED with the undersigned's Chambers (NOT electronically filed) no later than seven (7) calendar days prior to the conference. Each party shall also submit their Settlement Conference Statement in .pdf format and email their statement to tshpo@cand.uscourts.gov.

4. The Settlement Conference Statement shall be served on opposing counsel. Any party may submit an additional confidential statement to the Court. The contents of this confidential statement will not be disclosed to the other parties.

5. The Settlement Conference Statement shall include at least the following:

   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded, and a candid evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
   c. A summary of the proceedings to date and any pending motions.
   d. The relief sought.
   e. Any discrete issue that, if resolved, would facilitate the resolution of the case.
   f. The party's position on settlement, including present demands and offers and a history of past settlement discussions.

6. The parties shall notify Chambers immediately at (415) 522-4698 if a case settles prior to the date set for the Settlement Conference.

**IT IS SO ORDERED.**

_____
THOMAS S. HIXSON
United States Magistrate Judge
*Revised September 5, 2018*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

# STANDING ORDER FOR MAGISTRATE JUDGE THOMAS S. HIXSON

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this Standing Order, all of which are available at www.cand.uscourts.gov. Failure to comply may result in monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## UNREPRESENTED (PRO SE) PARTIES

Parties representing themselves are invited to visit the "Representing Yourself" section of the Court's website, https://cand.uscourts.gov/pro-se-litigants/. The site includes information about the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. You will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

## SCHEDULING

Law and motion is heard on Thursdays at 10:00 a.m. All motions (except criminal duty matters) shall be noticed for any available Thursday. The parties may confirm availability at http://www.cand.uscourts.gov/tsh. For scheduling questions, please contact Judge Hixson's Courtroom Deputy, Rose Maher, at tshcrd@cand.uscourts.gov or (415) 522-4708.

## DISCOVERY

Discovery disputes are governed by Judge Hixson's Discovery Standing Order, available at http://www.cand.uscourts.gov/tshorders.

## CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

In civil cases that are randomly assigned to Judge Hixson for all purposes, each party should file a consent to the assignment of a United States Magistrate Judge for all purposes, or a request for reassignment to a district judge, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent/declination simultaneously with the motion. The consent/declination form is available at http://www.cand.uscourts.gov/civilforms. In no event shall the consent or declination be filed later than the deadlines specified in Civil L.R. 73-1(a)(1) and (2).

*Revised September 7, 2021*

## CIVIL CASE MANAGEMENT

Counsel shall meet and confer prior to the case management conference and file a joint statement no later than seven days prior to the conference. The statement shall address the information contained in the Standing Order for All Judges of the Northern District of California, which is available http://www.cand.uscourts.gov/tshorders.

The Court strongly encourages parties to permit less experienced attorneys to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial.

### Amended Pleadings
If a party files a motion to amend or the Court orders a party to file an amended pleading, that party shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading.

### Documents filed on ECF
All exhibits to motions and/or discovery disputes should be separately filed on ECF. For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on. All exhibits shall also be filed in a searchable OCR format where possible.

### Motions to File Under Seal
The parties are reminded that court proceedings are presumptively public. Any request to file a document under seal must comply with Civil Local Rule 79-5.

## CHAMBERS COPIES AND PROPOSED ORDERS

The parties do not need to submit chambers copies, except when requested by a separate order from the Court.

Any proposed order in a case subject to electronic filing shall be emailed in Word format to tshpo@cand.uscourts.gov. This address is to be used only for proposed orders unless otherwise directed by the Court.

**IT IS SO ORDERED.**

THOMAS S. HIXSON
United States Magistrate Judge

*Revised September 7, 2021*

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective November 1, 2018*

12. **Settlement and ADR**: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. **Consent to Magistrate Judge For All Purposes**: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. **Other References**: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. **Expedited Trial Procedure**: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. **Scheduling**: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. **Trial**: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. **Disclosure of Non-party Interested Entities or Persons**: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. **Professional Conduct**: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.